No. 742

HELLWARTH, et. v. EVANS, Treas.

Ohio Appeals, 3rd Dist., Mercer Co.

Nos. 387-88. Decided Feb. 27, 1926

103. ASSESSMENTS—An application filed with the State Highway Commissioner by county commissioners, requesting aid in the improving of a road, is a proceeding; and the authority to raise the percentage to be collected by assessment limits the commissioners to assessing the same against abutting property only in pursuance of the act found in 105-106 OL., at page 623.

HUGHES, J.

Land owners abutting upon a certain proposed road improvement filed in petition with the Mercer county commissioners asking that an application be made to the State Highway Department for aid in improving the road. Accordingly, a resolution was passed requesting the Highway Commissioner to improve the five and one-half miles of road as described, it also being agreed that the county would pay one-half of all expenses preliminary to construction.

The application was filed and thereafter approved by the Highway Commissioner in regard to a section of the road. These proceedings were had by virtue of the code chapter covering construction, improvement, maintenance and repair of roads and bridges by the Highway Department.

Aid was furnished by this Department from time to time, it not being able to furnish sufficient funds for construction of the entire road and finally the county commissioners by virtue of 1214 GC. increased the assessing area to raise the percent to be assessed against property benefitted and included in this new plan, the property of D. Hellwarth and Milo Campbell, which property does not abut upon the improvement but lies within a half mile of the side of the road.

This action was brought by Hellwarth and Campbell against the treasurer of Mercer County to enjoin the assessment levied against their land, claiming that proceedings once started, were pending, and the commissioner had no authority or jurisdiction to change the manner of raising money or assessing property other than that of abutting owners. The Court of Appeals held:

1. The act under which the proceedings were started authorized the money to be raised by assessment on abutting property only.

2. The Supreme Court has held a resolution declaring in favor of a county road improvement or fixing the assessment therefor, is a proceeding within contemplation of 26 GC., which provides that when a statute is repealed or amended, such repeal or amendment shall in no way effect pending actions, prosecutions or proceedings unless express provision is made therefor in the repealing or amending act.

3. When the county commissioners filed their application with the Highway Commissioner, they started a proceeding which remained pending subject to be approved in whole or in part by the Highway Commissioner so long as it remained on file with him; for the reason that the act expressly so provides; and such application or part thereof not approved, shall be available for future ap-

proval until withdrawn with the consent of the Commissioner or until he .disapproves same.

4. The filing of the application constituted starting a proceeding which became a pending proceeding; and the commissioners were limited in their authority to raise the percentage to be collected by assessing the abutting property owners only.

Judgment for Hellwarth and Campbell.

Attorneys—I. F. Raudabaugh for Hellwarth et; Loree & Kloeb for Evans; all of Celina.